FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 AUG 22 PM 4: 30

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: PROPULSID<br>PRODUCTS LIABILITY LITIGATION | : <br> : <br> : <br> : <br> : <br> : | MDL NO. 1355<br><br>SECTION: L<br><br>JUDGE FALLON<br>MAG. JUDGE AFRICK |

00-282

**THIS DOCUMENT RELATES TO ALL CASES**

### PRETRIAL ORDER #1

It appearing that civil actions transferred to this Court and listed on Schedule A merit special attention as complex litigation, it is hereby ORDERED that:

1. Prior to the initial pretrial conference and the entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that are transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of August 7, 2000. Those cases are listed on Schedule A attached to this Order. This Order will also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

2. The civil actions listed on Schedule A are consolidated for pretrial purposes. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in

DATE OF ENTRY
AUG 23 2000



which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. All matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on Thursday, September 28, 2000 at 1:30 p.m., in Judge Eldon E. Fallon's courtroom, Room 468, United States Courthouse, 500 Camp Street, New Orleans, Louisiana. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation Third* (1995)("MCL 3d") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 3d Sections 21.21, 21.211, 21.212, and 21.213 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, consideration of any class action allegations and motions. If the parties have any suggestions as to any case management orders or additional agenda items, these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by September 21, 2000.

4. Plaintiffs and defendants shall submit to the Court by September 21, 2000 a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings. The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known. The parties shall be limited to one such submission

-2-

for all plaintiffs and one such submission for all defendants.

5. Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation. Parties not represented by counsel must appear in person or through an authorized and responsible agent. Attendance at the conference will not waive objections to jurisdiction, venue or service.

6. Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B. Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons on such service list. The parties shall present to the Court at the initial conference a list of attorneys and their addresses and fax numbers.

7. Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

8. The Clerk of Court will maintain a master docket case file under the style "In Re: Propulsid Products Liability Litigation" and the identification "MDL No. 1355". When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall

appear immediately after the words "This Document Relates to". The following is a sample of the pleading style:

| | |
|---|---|
| In Re: Propulsid<br>      Products Liability Litigation | MDL No. 1355<br>SECTION: L |
| This Document Relates to: | Judge Fallon<br>Mag. Judge Africk |

9.   A signed original of any pleading or paper is all that need be filed. The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies; except that a document closing a case will also be entered on the individual docket sheet. All document shall be filed in the master file.

10.   When an action that properly belongs as a part of <u>In Re: Propulsid Products Liability Litigation</u> is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

    a.   File a copy of this Order in the separate file for such action;

    b.   Make an appropriate entry on the master docket sheet;

    c.   Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order; and

    d.   Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

11.   Counsel who appeared in a transfer court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good

standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83.2.6 and 83.2.7 are waived. Association of local counsel is not required.

12. In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

13. Each party shall take reasonable steps to preserve documents and other records containing information potentially relevant to the subject matter of this litigation.

14. In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

15. Prior to the initial conference, counsel for each group of parties whose interests are similarly aligned shall, to the extent they have not already done so, confer and seek consensus on the selection of a liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of Procedure* on behalf of all parties within their liaison group and shall be responsible for the

preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Appointment of liaison counsel shall be subject to the approval of the Court. At the first conference the parties should also be prepared to discuss any additional needs for an organizational structure consistent with the efficient handling of this matter, including those suggestions contained in Section 20.22 of the *Manual for Complex Litigation, Third*.

16.  Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall not in any way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this Provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

New Orleans, Louisiana, this 22 day of August, 2000.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Attachments