UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 OCT -2 AM 9: 24

LORETTA G. WHYTE
CLERK

|   |   |   |
|---|---|---|
| IN RE:  PROPULSID | : | MDL NO. 1355 |
| PRODUCTS LIABILITY LITIGATION | : | |
| | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE AFRICK |
| | : | |
| | : | |
| | : | |

CA 00-282 L

THIS DOCUMENT RELATES TO ALL CASES

## PRETRIAL ORDER NO. 2

Following the initial pretrial conference held on Thursday, September 28, 2000, the

following order is issued:

### I.   INTRODUCTION:

It is not yet known how many attorneys will eventually join this litigation, but we can

assume it will be a large number.  As attorneys involved in a multidistrict case, you will probably

be laboring together for some time in the future with work progressively becoming more

complicated and exacting.  Some of you know each other and some are complete strangers.

Undoubtedly each has a different style and personality.  It is likely that during the course of this

litigation your working relationship will occasionally be strained, communication derailed, and

mutual trust questioned.  The just and efficient resolution of this litigation will depend in large

measure on the way you as attorneys comport yourselves and overcome the temptations and

trepidations inherent in a case of this magnitude.

DATE OF ENTRY

OCT - 2 2000

____Fee_____
____Process_____
__X__Dktd_____
____CtRmDep_____
____Doc.No._____

Prominent in MCL 3d at Section 20.21 is the following reference to courtesy and professionalism:

> The added demands and burdens of complex litigation place a premium on professionalism. An attitude by counsel of cooperation, professional courtesy, and acceptance of the obligations owed as officers of the court is critical to the successful management of the litigation.

The Court expects, indeed insists, that these two words – "Courtesy" and "Professionalism" – permeate this proceeding from now until this litigation is concluded. The Court record should never be the repository of ill chosen words arising out of a sense of frustration over real or imagined issues. Because of the high level of competence and experience displayed by the attorneys who attended the initial conference the Court is confident that this objective will be achieved without judicial intervention.

## II.    FILING OF PRE-TRIAL ORDER No. 2

A copy of this Order shall be filed in each case transferred to this District and shall apply to all such cases removed to or transferred to this Court. In cases subsequently filed, a copy will be provided by the Clerk to each Plaintiff at the time of filing the complaint. In cases subsequently removed or transferred to this Court, a copy will be provided by the Clerk to each new party upon removal or transfer.

## III.    MOTIONS

### A.    Notice of Substantive Motions

Except for unusual circumstances as determined by the Court or when a ruling is required on a shortened basis, substantive motions shall not be brought for hearing at any time other than

a regularly scheduled status conference, to be set from time to time by the Court. A substantive motion is one which involves legal issues and is outcome determinative, such as a motion for summary judgment or class certification, etc.

**B.    Length of Briefs**

Briefs in support of, or in opposition to, any motions may not exceed twenty (20) pages without leave of Court. Reply briefs shall be limited to fifteen (15) pages without leave of Court.

**C.    Briefing Schedule**

Absent an Order of the Court, briefs in response to motions shall be filed twenty-one (21) days after the date of service. Any replies thereto shall be filed within ten (10) days after service of the response.

In order to be heard at a regularly scheduled status conference, motions must be fully briefed at least one week before the conference.

**D.    Telephone Status Conferences**

Status Conferences may be conducted by telephone at the Court's discretion by prior arrangement with the Court's chambers, provided that all interested parties are available and receive at least forty-eight (48) hours notice. In an emergency, the Court may shorten the notice requirement. Telephone conference calls will often serve as an efficient substitute for Court appearances, as for example, where counsel desire to present short arguments and obtain an immediate ruling. The Court itself may initiate conference calls on procedural or scheduling matters.

## IV.    SERVICE OF DOCUMENTS

### A.    Orders

Henceforth, the Clerk of Court shall forward only to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel a copy of each order or other document normally served by the Clerk.  Service on Liaison Counsel shall be considered service on all parties.

### B.    Pleadings, Motions, and Other Documents

A party filing a pleading, motion, or other document shall provide five (5) copies to Plaintiffs' Liaison Counsel and five (5) copies to Defendants' Liaison Counsel.  A copy of the document shall also be submitted to Liaison Counsel on a disc or CD-ROM in either WordPerfect format or Microsoft Word.  Service on Plaintiffs' Liaison Counsel constitutes service on all Plaintiffs' Counsel and Plaintiffs who are unrepresented.  Service on Liaison Counsel for the pharmaceutical Defendants constitutes service on Johnson & Johnson and Janssen Pharmaceutica.  Service and distribution by Liaison Counsel to other attorneys of record shall be by overnight courier service or telecopier, reserving to any receiving counsel the right to waive, in writing, such receipt.

### C.    Electronic Service / Web Site

Plaintiffs and Defendants are to confer as to whether electronic service of documents is appropriate in these actions and/or whether a web site would be helpful and advance the course of this litigation.  At the appropriate time, counsel for the parties through their representatives shall report to the Court regarding these matters.

4

## V.    ORGANIZATION OF COUNSEL

### A.    Plaintiffs' Liaison Counsel

The Court designates Russ Herman to be Plaintiffs' Liaison Counsel.

The responsibilities of Plaintiffs' Liaison Counsel shall be the following:

1.    to serve as the recipient for all Court orders;

2.    to coordinate service and filings;

3.    to maintain and distribute to co-counsel and to Defendants' Liaison Counsel an up-to-date service list;

4.    to receive and distribute pleadings, orders, and motions by overnight courier service and telecopier within two days after receipt, unless such service has been waived, in writing, by a receiving counsel.

5.    to establish and maintain a document depository to be available to all plaintiffs counsel;

6.    to maintain and make available to all plaintiffs counsel of record at reasonable hours a complete file of all documents served by or upon each party (except such documents as may be available at a document depository);

7.    to carry out such other duties as the Court may order.

Liaison Counsel shall be entitled to seek reimbursement for costs expended at the time and in a manner approved by the Court.

### B.    Plaintiffs' Steering Committee

#### 1.    Formation

It is the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the Defendants' representatives. Applications/nominations for the PSC positions must be filed as an original and one copy with the Clerk's Office on or before October 10, 2000. A copy must also be served upon counsel

5

named in the attached list on the day of filing. The main criteria for membership in the PSC will

be: (a) willingness and availability to commit to a time consuming project; (b) ability to work

cooperatively with others; and (c) professional experience in this type of litigation.

Applications/nominations should succinctly address each of the criteria below as well any other

relevant matters. No submissions longer than three (3) pages will be considered. The Court will

only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee.

Nevertheless, the Court will entertain only written objections to any application/nomination.

These must be filed on or before October 17, 2000. The objections, if there be any, must be

short, yet thorough, and must be supported by necessary documentation. As with the

application/nomination, any objection must be served on all counsel appearing on the attached

list on the day of filing.

> **2.   Responsibilities**
>
> The PSC will have the following responsibilities:
>
> **a.**   <u>Discovery</u>
>
> > (1)   Initiate, coordinate, and conduct all pretrial discovery on
> >
> > behalf of all Plaintiffs who file civil actions which are
> >
> > consolidated with the instant multidistrict litigation known
> >
> > as "MDL-1355, *In re Propulsid Products Liability*
> >
> > *Litigation.*"
> >
> > (2)   Develop and propose to the Court schedules for the
> >
> > commencement, execution, and completion of all discovery

on behalf of all Plaintiffs.

(3)    Cause to be issued in the name of all Plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.  Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4)    Conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all Plaintiffs. With regard to depositions, only two members of the PSC, or counsel duly authorized by them, may question each Deponent, provided that the second questioner is not repetitious.  No attorney for Plaintiffs may be excluded from attending the examination of witnesses and other proceedings.  Such attorney may suggest questions to be posed to Deponents through the designated PSC members provided that such questions are not repetitious.

b.    <u>Hearings and Meetings</u>

(1)    Call meetings of counsel for Plaintiffs for any appropriate

7

purpose, including coordinated responses to questions of
other parties or of the Court. Initiate proposals,
suggestions, schedules, or joint briefs, and for any other
appropriate matter(s) pertaining to pretrial proceedings.

(2) Examine witnesses and introduce evidence at hearings on
behalf of Plaintiffs.

(3) Act as spokesperson for all plaintiffs at pretrial proceedings
and in response to any inquiries by the Court, subject of
course to the right of any Plaintiff's counsel to present non-
repetitive individual or different positions.

c.    Miscellaneous

(1) Submit and argue any verbal or written motions presented
to the Court or Magistrate on behalf of the PSC as well as
oppose when necessary any motions submitted by the
Defendants or other parties which involve matters within
the sphere of the responsibilities of the PSC.

(2) Negotiate and enter into stipulations with Defendants
regarding this litigation. All stipulations entered into by the
PSC, except for strictly administrative details such as
scheduling, must be submitted for Court approval and will
not be binding until the Court has ratified the stipulation.
Any attorney not in agreement with a non-administrative

stipulation shall file with the Court a written objection

thereto within ten (10) days after he/she knows or should

have reasonably become aware of the stipulation. Failure

to object within the term allowed shall be deemed a waiver

and the stipulation will automatically be binding on that

party.

(3)    Explore, develop, and pursue all settlement options

pertaining to any claim or portion thereof of any case filed

in this litigation.

(4)    Maintain adequate files of all pretrial matters and have

them available, under reasonable terms and conditions, for

examination by Plaintiffs or their attorneys.

(5)    Prepare periodic status reports summarizing the PSC's work

and progress. These reports shall be submitted to the

Plaintiffs' Liaison Counsel who will promptly distribute

copies to the other Plaintiffs' attorneys. The periodic status

and progress reports must be forwarded to all Plaintiffs'

attorneys at intervals of no fewer than sixty (60) days

commencing from October 1, 2000, and more frequently in

the event of significant matters appropriate for

communication.

(6)    Perform any tasks necessary and proper for the PSC to

9

accomplish its responsibilities as defined by the Court's orders.

(7)    Perform such other functions as may be expressly authorized by further orders of this Court.

(8)    Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

### C.    Defendants Liaison and Lead Counsel

The Court hereby designates Thomas F. Campion and Charles F. Preuss as Defendants' Co-Lead Counsel, and James B. Irwin, V, as Liaison Counsel for the pharmaceutical Defendants. Defendants' Liaison Counsel will have the responsibilities described in Section V(A) 1 - 7 of this Order as it pertains to his respective group.

## VI.    PLEADINGS AND MOTIONS SCHEDULE

### A.    Certification of Class Action

At the appropriate time, the parties are to establish a schedule, or request the Court to establish a schedule, for the filing of any class certification motions.

### B.    Pleadings and Motions Schedule

The parties through their respective representatives are to confer to propose a schedule for filing Rule 12 motions, a Master Complaint, and any motions for summary judgment.

## VII.    DISCOVERY – SCHEDULE

### A.    Document Production Schedule

1.    By November 15, 2000, Defendants will produce a copy of the NDA on disk.  If the NDA is not available on disk by that date, Defendants will make a copy of it available for inspection and examination beginning on that date.

2.    Production of all other documents will occur on a rolling basis on dates to be set by the Court.

### B.    Document Production Status Report

Three days in advance of the next regularly scheduled Status Conference, the parties shall submit to the Court a written report on the status of the document production, including documents located overseas, a projected schedule for completion of discovery, and a preliminary proposal scheduling the disclosure of fact witnesses, the conduct of fact witness depositions, and any other matters which will advance the course of the litigation.

## VIII.    DISCOVERY – DOCUMENT REQUESTS AND INTERROGATORIES – GENERAL RULES

### A.    Attempt to Resolve Disputes

To avoid unnecessary litigation concerning discovery disputes, counsel are directed to meet and confer before filing a discovery motion.  In any motion filed, counsel for the moving party must certify that a good faith effort was made to resolve the dispute.  Discovery motions shall be presented to the Magistrate for resolution.

### B.    Preservation of Evidence

#### 1.    Preservation

Each party and its respective officers, agents, servants, employees, subsidiaries and attorneys shall preserve all devices, tangible things, documents, and other records. Preservation includes the obligation not to alter any such thing as to its form, content or manner of filing. Each party shall notify in writing (which in this context excludes e-mail) its respective officers, agents, servants, employees, subsidiaries and attorneys of their obligation to preserve documents in accordance with this Order.

Before any devices, tangible things, documents, and other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions as to whether the information should be preserved. If counsel are unable to agree, any party may apply to the Court for clarification or relief from this Order upon reasonable notice.

#### 2.    Scope

The scope of this Order is limited to tangible things and documents containing information potentially relevant to the subject matter of this litigation. Any tangible thing, document, or information described or referred to in any request or response made during this litigation shall, from the time of the request or response be treated for purposes of this Order as containing potentially relevant information unless and until the Court rules such information to be irrelevant.

Counsel are directed to confer to resolve questions as to what documents are outside the scope of this Order or otherwise need not be preserved. They should also confer

12

regarding the possibility of an earlier date for permissible destruction of particular categories of

documents. If counsel are unable to agree, any party may apply to the Court for clarification of

or relief from this Order upon reasonable notice. A party failing to object in writing within forty-

five (45) days after receiving written notice from another party that specified documents will be

destroyed or otherwise altered pursuant to routine policies and programs shall be deemed to have

agreed to such destruction.

"Document" shall mean any writing, drawing, film, videotape, chart, photograph,

phonograph record, tape record, retrievable data (whether carded, taped, coded, electrostatically

or electromagnetically recorded, or otherwise), or other data compilation from which information

can be obtained, including but not limited to: notices, memoranda, diaries, minutes, purchase

records, purchase invoices, market data, correspondence, e-mail, computer storage tapes,

computer storage cards or discs, books, journals, ledgers, statements, reports, invoices, bills,

vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts,

recordings, instructions, lists, logs, orders, recitals, transcripts, telegram messages, telephone

bills and logs, resumes, summaries, compilations, computations, and other formal and informal

writings or tangible preservations of information.

Notwithstanding any other provisions of this Order, as of the date of this Order,

persons may generate documents in the future without preserving dictation, drafts, interim

versions, or other temporary compilations of information if such documents would not have been

preserved in the ordinary course of business.

**C.    Confidentiality**

The parties are to confer to establish procedures for managing materials for which they

intend to seek restrictions on access.

### D.    Inadvertent Disclosures

The inadvertent production or disclosure of any privileged, confidential or otherwise protected document shall not be deemed either a general waiver of privilege, confidentiality or work product protection as to the document inadvertently produced or disclosed.  In the event of inadvertent disclosure of any document, promptly upon discovery of such inadvertent disclosure the producing party may notify any party receiving the document that production was inadvertent, and that the producing party intends to move the Court for a protective order with respect thereto. Upon receipt of such notification, the receiving party shall treat the document as confidential, and shall not disclose the document to any other person or use the document for any purpose in this litigation.  Upon finding that the document is privileged, confidential, or otherwise protected and that its production was inadvertent, the Court may direct the return of the document and all copies thereof to the producing party, preclude the use of the document and any information contained therein for any purpose in this litigation, and order such other relief as the Court deems necessary and appropriate.  Before making application to the Court for such relief, the producing party shall confer with the receiving party in an attempt to resolve informally any dispute regarding the inadvertent production.

### E.    Document Depositories

Each side may establish a document depository.  Within twenty (20) days after the initial conference, each side shall identify to the other the location and mailing address of any depository which it has established.  Each side shall bear the cost and administer its own depository.  All documents disclosed and produced pursuant to this Order shall be produced to

14

the appropriate document depository. Each side shall develop and submit to the Court a protocol for maintaining its depository which shall address the location, filing system, access, copying, logs, and inventory records.

**F.    Numbering System and Indexing of Documents**

The parties are to confer to establish a system for identifying by a unique number or symbol each document produced or referred to during the course of this litigation.

**G.    Legibility of Documents**

Each producing party shall take reasonable steps to assure that the copies of the documents it produces are legible. To the extent a producing party cannot or does not produce a legible copy, it shall make the original document(s) available for inspection and copying.

**H.    Authentication**

The parties are to confer to establish procedures for authenticating documents.


**IX.    DISCOVERY – DISCLOSURES**

The parties are to confer regarding the production of materials contemplated by Fed. R. Civ. P. 26(a).

The specific items, documents, witnesses, and dates not otherwise provided for in this Order will be addressed by discovery plans or schedules issued by the Court after conferring with counsel.

## X.    DISCOVERY – INTERROGATORIES AND DOCUMENT REQUESTS

### A.    Master Set

On or before thirty (30) days after the Defendants' initial disclosures:

1.    Plaintiffs may propound a single master set of interrogatories and document requests addressed to the Defendants; and

2.    The Defendants may propound a single master set of interrogatories and document requests to the Plaintiffs.

Responses and answers shall be served and made within thirty (30) days after receipt of the discovery requests.

While the parties may be asked to identify potential fact witnesses relating to liability, they are not to be asked contention interrogatories at this time. For purposes of these and any subsequent interrogatories, the limitations on the number of interrogatories of Fed. R. Civ. P. 33(a) shall not apply. Nevertheless, each party has the right to file a motion for a protective order if they believe the master sets of interrogatories and requests for production are overly burdensome or duplicative.

### B.    Additional Document Requests

The parties are to confer, and attempt in good faith to agree on any additional document requests not described above. In the absence of agreement, no further document requests may be propounded to Plaintiffs or Defendants without an order of the Court.

### C.    Supplementation of Responses

The supplementation of responses required by Fed. R. Civ. P. 26(e) shall be made by the parties sixty (60) days from the date of their initial disclosures, and every sixty (60) days thereafter.

16

**D.**    **Document Subpoenas to Non-Parties**

Commencing upon entry of this Order, any party may serve subpoenas on non-parties for the production of documents without testimony pursuant to Fed. R. Civ. P. 45.

**E.**    **Plaintiffs' Fact Sheets**

Plaintiffs and Defendants through their respective representatives are to confer regarding a suggested Plaintiff Fact Sheet and agree on a proposed procedure for obtaining timely responses.

**XI.    DISCOVERY – DOCUMENT PRODUCTION PROTOCOLS**

The parties are to confer to establish guidelines for the production of documents in hard copy and in electronic format.

**XII.    DISCOVERY – DEPOSITIONS**

The parties are to confer to suggest guidelines for the conduct, noticing and scheduling of depositions.  Disputes arising during the taking of depositions that cannot be resolved by agreement among counsel, and that if not immediately resolved will disrupt the discovery schedule significantly or require a rescheduling of the deposition, may be presented by telephone to the Magistrate.  The submission of the issue and the Court's corresponding ruling will be recorded as part of the deposition.

**XIII.    DISCOVERY – ASSERTION OF PRIVILEGE IN RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS**

A party who, relying on any privilege or the work product doctrine, does not produce all

17

relevant or requested documents in response to a request for production of documents or a subpoena, must state that it is invoking a privilege. A party who invokes a privilege must specify which privilege or doctrine it is invoking and supply to the court a privilege log describing the documents to which a privilege is asserted. The parties are to confer to determine the format of and timing for production of privilege logs.


## XIV.  DISCOVERY – FAILURE TO DISCLOSE

A party's failure to either produce or identify as withheld pursuant to privilege a relevant document may be viewed by the Court as an infraction of its orders, justifying appropriate sanctions. Upon learning that there are any additional relevant documents which have not been produced or identified, a party is under an obligation to promptly make known the existence of the documents, including the reason for its failure, and submit the documents to the opposing party, or if withheld under a claim of privilege or protection, identify the documents and the corresponding privilege.


## XV.  "MEET AND CONFER" ISSUES

The parties are to report to the Court within three (3) days of the next Status Conference as to the status of all "meet and confer" issues referenced herein. Two(2) days before each status conference the parties are to submit to the court a proposed agenda for the conference.

New Orleans, Louisiana, this 22 day of October, 2000.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

18

## MDL 1355 ATTORNEY LIST

**PLAINTIFF ATTORNEY LIST:**

Richard J. Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Ct.
P. O. Box 1190
Alexandria, LA 71309-1190

Webster J. Arceneaux II, Esq.
Lewis, Glasser, Casey & Rollins
One Valley Square, Suite 700
P. O. Box 1746
Charleston, WV 25326

Lonnie Bailey, Esq.
Upshaw, Williams, Biggers, Beckham & Riddick
P. O. Drawer 8230
Greenwood, MS 38935 - 8230

Dawn Barrios
Barrios, Kinsdorf & Casteix
701 Poydras Street
New Orleans, LA 70119

Theresa A. Beckler
Drake & Beckler
P. O. Box 189
Ponchatoula, LA 70454

Daniel E. Becnel, Jr.
Chris Bell
Lynn Swanson
106 W. Seventh Street
P. O. Drawer H
Reserve, LA 70084

Marc J. Bern
Napoli, Kaiser & Bern, LLP
115 Broadway, 12th Floor
New York, NY 10006

1

## MDL 1355 PLAINTIFF ATTORNEY LIST:

Ed Blizzard
Blizzard & McCaskey
440 Louisiana
Houston, LA 77002

Jack L. Brooks
Anderson & Nelson
3725 Blackhawk Road
P. O. Box 3487
Rock Island, IL 61204

Joseph M. Bruno
David Scott Scalia
Anthony D. Irpino
Bruno & Bruno
825 Baronne Street
New Orleans, LA 70113

Gerald S. Carlin
c/o Sanford M. Gage
P. O. Box 261115
Encino, CA 91426

Mark C. Carroll
James E. Upshaw
Upshaw, Wiliams, Biggers, Beckham & Riddick
P. O. Box 9147
Jackson, MS 39286

Michael W. Clancy
Clancy Law Offices
7 South Second Avenue
St. Charles, IL 60174

Robert Nolan Clarke
238 ½ Metairie Road, Ste. B
Metairie, LA 70005

2

**MDL 1355 PLAINTIFF ATTORNEY LIST:**

Christopher W. Cofer
Cofer & Ogletree, P.A.
2506 Lakeland Drive, Ste. E-600
Jackson, MS 39208

William G. Colvin
Wade A. Hinton
Shumacker & Thompson, PC
701 Market Street
First Tennessee Bldg., Ste 500
Chattanooga, TN 37402

Michael Corew
1616 Walnut Street, 18th Floor
Philadelphia, PA 19103

Donna Cummings
Cummings, Cummings & Dudenhefer
416 Gravier Street
New Orleans, LA 70130

Rebecca Cunard
Carl Scott Reis
Cunard Reis Law Firm
9214 Interline Ave.
Baton Rouge, LA 70809

Samuel Davis
Davis, Saperstein & Salomon, P.C.
375 Cedar Lane
Teaneck, N.J. 07666

Glenn E. Diaz
Carlos Alberto Zelaya II
2200 Jackson Blvd.
Chalmette, LA 70043

Luke Dove
Dove & Chill
P. O. Box 2427
Jackson, MS 39205

3

## MDL 1355 PLAINTIFF ATTORNEY LIST:

**Dorothy Dunn**
**Robinson, Calcagnie & Robinson**
**720 Newport Center Drive, 7th Floor**
**Newport Beach, CA 92660**

**Susan Earnest**
**402 S. Jefferson Davis Parkway**
**New Orleans, LA 70119**

**Tony Edwards**
**323 E. Carl Albert**
**P. O. Box 1369**
**McAlester, OK 74502**

**Walter C. Dumas**
**Dumas & Associates Law Corp.**
**1263 Government Street, P. O. Box 1366**
**Baton Rouge, LA 70821**

**Priscilla Lord Faris**
**2356 University Ave. West, Ste 420**
**St. Paul, MN 55114**

**Stephen B. Farmer**
**Farmer, Cline, & Arnold, PLLC**
**P. O. Box 3842**
**Charleston, WV 25338**

**Edward Flink**
**7 Airport Park Blvd.**
**Latham, NY 12110**

**Wendell H. Gauthier**
**James R. Dugan II**
**Gauthier, Downing, LaBarre, Beiser & Dean**
**3500 N. Hullen Street**
**Metairie, LA 70002**

**Bobby Gill**
**109 N. State Street**
**Jackson, MS 39201**

## MDL 1355 PLAINTIFF ATTORNEY LIST:

Kenneth G. Gilman
Gilman & Pastor
1 Boston Place
Suite 2830
Boston, MA 02108

Barry W. Gilmer
Gilmer Law Firm
P. O. Box 920
1440 N. State Street
Jackson, MS 39205

Ronald S. Goldser
Zimmerman Reed, PLLP
901 Third Street, North, Suite 100
Minneapolis, MN 55401

Michael A. Hackard
Hackard, Holt & Heller
11335 Gold Express Drive, Suite 155
Gold River, CA 95670

H. Blair Hahn
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd., P. O. Box 1792
Mount Pleasant, S.C. 29465

Russ M. Herman
Herman, Herman, Katz & Cotlar
820 O'Keefe Ave., Ste 100
New Orleans, LA 70113

LeRay Hersh
Amy Eskin
Mark Burton
Hersh & Hersh
601 Van Ness Avenue, Ste 2080
San Francisco, CA 94109

5

## MDL 1355 PLAINTIFF ATTORNEY LIST:

Barry Hill
1325 National Road
Wheeling, WV 26003

Renee A. Infante
Waite, Schneider, Bagless & Chesley
1513 Central Trust Towers
Cincinnati, OH 45202

Allan Kanner
701 Camp Street
New Orleans, LA 70130

Thomas J. Kliebert, Jr.
Kliebert & Heltz
P. O. Drawer 580
Gramercy, LA 70052

Gary P. Koederitz
Koederitz & Bohrer, APLC
8706 Jefferson Hwy. Suite A
Baton Rouge, LA 70809

Richard Kopelman (state court cases)
315 W. Ponce deLeon Ave., Ste. 400
Decatur, GA 30030

Hugh P. Lambert
Lambert & Nelson
701 Magazine Street
New Orleans, LA 70130

Arnold Levin
510 Walnut Street, Ste 500
Philadelphia, PA 19106

Stephen R. Lewis, Jr.
Lewis & Williams, LLP
2200 Market Street, Suite 750
Galveston, TX 77550

## MDL 1355 PLAINTIFF ATTORNEY LIST:

M. Shane Luckado
2015 lst Avenue, North
Birmingham, AL 35203

F. Gerald Maples
LeBlanc, Maples & Waddell
201 St. Charles Ave., Ste. 3204
New Orleans, LA 70170

Richard M. Martin, Jr.
Eaves Law Firm
2216 Magazine Street
New Orleans, LA 70130

Joseph J. McKernan
Scott Brady
McKernan, Clegg & Walker
8710 Jefferson Hwy.
Baton Rouge, LA 70809

Richard L. Melancon, Esq.
Melancon & Hogue
361 Parkwood Avenue
Friendswood, TX 77546

J. Wayne Mumphrey, Esq.
9061 W. Judge Perez Drive
P. O. Box 90
Chalmette, LA 70044

Stephen Barnett Murray
Stephen B. Murray, Jr.
Julie Jacobs
Murray Law Firm
909 Poydras Street, Ste. 2550
New Orleans, LA 70112

**MDL 1355 PLAINTIFF ATTORNEY LIST:**

Scott Nabers
2929 Allen Parkway, Ste. 2700
Houston, TX 77019

Dianne M. Nast
Daniel N. Gallucci
Roda & Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601

Tina B. Nieves
Gancedo & Nieves
119 E. Union St., Ste G
Pasadena, CA 91103

Robert D. Norman, Esq.
Norman, Wood, Kendrick & Turner
1500 Liberty National Bldg.
2001 Third Ave., South
Birmingham, AL 35223

Michelle A. Parfit
Mike Hernside
Jim Green
Ashcraft & G_____
2000 L Street, N.W., Ste. 400
Washington, D.C.  20036

Mike Papantonio (state cases)
Levin, Middlebrooks, Magie, Thomas, Mitchell & Papantonio
316 S. Baylen Street
P. O. Box 12308
Pensacola, FL   32501

Bruce R. Parker, Esq.
Goodell, DeVries, Leech & Gray LLLP
One South Street, 20th Floor
Baltimore, MD 21202

**MDL 1355 PLAINTIFF ATTORNEY LIST:**

David Pastor
Gilman and Pastor, LLP
999 Broadway, Ste. 500
Saugus, MA 01906

Gale Pearson
Steve Randall
1012 Grain Exchange Bldg.
Minneapolis, MN 55415

Paul Pennock
Robert J. Gordon
Weitz & Luxenberg, PC
180 Maiden Lane
New York, NY 10038

Kip Petroff
3838 Oak Lawn Ave., Ste 1124
Dallas, TX 75219

Michael G. Phelan
Cantor, Arkema & Edmonds, P.C.
823 E. Main Street, P. O. Box 561
Richmond, VA 23218-0561

Steve Pontell, Esq.
Verde,Steinberg & Pontell
One Parker Plaza
Fort Lee, NJ   07024

Albert J. Rebenack, Jr.
Robert J. Caluda & Associates
1340 Poydras Street, Suite 2110
New Orleans, LA 70112

## MDL 1355 PLAINTIFF ATTORNEY LIST:

John Restaino
450 Newport Center Drive
Newport Beach, CA
Paul D. Rheingold, Esq.
Rheingold, Valet, Rheingold & Shkolnik, P.C.
113 East 37th Street
New York, NY 10016

John G. Roach, Jr.
Roach & McMillan
224 Canal Street
P. O. Box 506
McComb, MS 39648

Mark P. Robinson, Jr.
Robinson, Calcagnie & Robinson
110 Laurel St
San Diego, CA 92101

Louis Robles
100 S. Biscayne Blvd., Ste 900
Miami, FL 33131

Murray A. Roth, Jr.
611 Metairie Road
Metairie, LA 70005

Stephen R. Rue
3309 Williams Blvd.
Kenner, LA 70065

Arthur Sadin
Youngdahl & Sadin, P.C.
211 E. Parkwood, Ste. 207
Friendswood, TX 77546

Christopher E. Sanspree
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P. O. Box 4160
Montgomery, AL 36103

## MDL 1355 PLAINTIFF ATTORNEY LIST:

Robert A. Schwartz
F. Kenneth Bailey
Williams Bailey Law Firm LLP
8441 Gulf Freeway
Ste 600
Houston, TX 77017-5001

Christopher A. Seeger
David R. Buchswen
Seeger Weiss LLP
One William Street
New York, NY 10004

James D. Shannon
Shannon Law Firm, PLLC
P. O. Drawer 869
Hazelhurst, MS 39083

Arthur Sherman
Sherman, Salkow, Petoyan & Weber
11601 Wilshire Blvd., Ste. 675
Los Angeles, CA 90025

Frank A. Silvestri
John Paul Massicot
Silvestri & Massicot
3914 Canal Street
New Orleans, LA 70119

A. Russell Smith
503 Rey Bldg.
Akron, Ohio 44308

Roy A. Smith, Jr.
B. Stevens Hazard, Esq. (RITE AID)
Daniel, Coker, Horton & Bell
P. O. Box 1084
Jackson, MS 39215

11

## MDL 1355 PLAINTIFF ATTORNEY LIST:

Lionel Howard Sutton III
4240 Canal Street
New Orleans, LA 70119

J. Van Zant, Atty.
P. O. Box 987
Williamson, WV 25661

Keith T. Vernon
1228 Euclid Avenue - 900th
Cleveland, OH 44115

Marc P. Weingarten
Greitzer and Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert J. Weltchek, Esq.
Snyder, Weiner, Weltchek, Vogelstein & Brown
1829 Reisterstown Rd,Ste 100
Baltimore, MD 21208

William Paul Wilkins
Jules Burton LeBlanc IV
LeBlanc, Maples & Waddell LLC
The Essen Centre
5353 Essen Lane, Ste. 420
Baton Rouge, LA 70809

Michael L. Williams
Williams, Dailey & O'Leary
1001 SW 5th Avenue, Ste. 1900
Portland, OR 97201

Phyllis M. Winston
Capretz & Associates
5000 Birch Street, Ste 2500
Newport Beach, CA 92660

## MDL 1355 PLAINTIFF ATTORNEY LIST:

Bob F. Wright
James P. Roy
Domengeaux, Wright, Roy & Edwards
556 Jefferson Street
P. O. Box 3668
Suite 500
Lafayette, LA 70502

Donni Young
Ness, Matley, etc.
1555 Poydras Street, Ste 1700
New Orleans, LA 70112

Charles S. Zimmerman
Zimmerman Reed
901 3rd Street, North, Ste. 100
Minneapolis, MN 55401

Diane Kay Zink
Roy F. Amedee, Jr.
Robert M. Becnel
James Hatch
425 W. Airline Highway
Suite B
LaPlace, LA 70068

Mary C. Young, Atty.
Law Offices of Ronald R. Benjamin
126 Riverside Drive
Binghamton, NY 13902

## MDL 1355 DEFENDANTS' ATTORNEY LIST:

### Defendants, JOHNSON & JOHNSON and JANSSEN PHARMACEUTICAL, INC.

James B. Irwin V
Quentin F. Urquhart, Jr.
Kim E. Moore
Irwin, Fritchie, Urquhart & Moore, L.L.C.
400 Poydras Street
Suite 2700
New Orleans, LA 70130

Donald F. Zimmer, Jr.
Charles F. Preuss
Preuss, Walker & Shanager, LLP
225 Bush Street
15th Floor
San Francisco, CA 94104

Thomas F. Campion
Susan M. Sharko
Drinker, Biddle & Shanley LLP
500 Campus Drive
Florham Park, NJ 07932-1047

Donna B. Jacobs
Christy D. Snow
Butler, Snow, O'Mara, Stevens & Cannada
P. O. Box 22567
Jackson, MS 39225